ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 20 2015

JAMES N. HATTEN, Clerk
BY: _____ Deputy Clerk

| | |
|---|---|
| DEVERONE GILLESPIE, | MHC |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:15-CV-0167 |
| TRIDENT ASSET MANAGEMENT, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Deverone Gillespie ("Gillespie"), who was adversely affected by such practices. The Plaintiff alleges that while employed with Trident Asset Management, LLC ("Defendant"), a third party collections company, as a Debt Collector, she complained, on more than one occasion, that another employee, who acted as a manager, made regular and frequent racially discriminatory comments about African American women. Ms. Gillespie's pay was delayed and she was terminated less than 30 (thirty) days after her last complaint. Accordingly,

1

Defendant subjected Ms. Gillespie to hostile work environment based on race and retaliated against her for engaging in protected activity, i.e., submitting complaints about race discrimination, as alleged with greater particularity below.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

3.

This Court has personal jurisdiction over the Defendant.

Defendant can be served through its registered agent, Anurag Sett at 53 Perimeter Center East, Suite 450, Atlanta, GA 30346.

## PARTIES

4.

Plaintiff is an African American female citizen of the United States and resides in Fulton County, Georgia.

5.

At all relevant times, Defendant has continuously been a Georgia Limited Liability Company doing business in the State of Georgia and has continuously had at least 15 employees.

6.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.

More than thirty days prior to the institution of this lawsuit, Ms. Gillespie filed a charge of discrimination with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.

Since at least June 2014, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by allowing employees of the Defendant to create a hostile work environment based on race and terminating Ms. Gillespie because she complained about race discrimination.

9.

Ms. Gillespie began working for Defendant in or around January 2014 as a Debt Collector.

10.

While employed by Defendant, Ms. Gillespie's supervisor was Craig Frederick.

11.

Ms. Gillespie received no disciplinary action, written or verbal, while employed with Defendant. In fact in or about May 2014 Ms. Gillespie received an increase in pay from $12 an hour to $14 an hour.

12.

Ms. Gillespie was regularly the top collector in Defendant's employ.

13.

On or about June 2014, Mia Hubbard, wife of James Hubbard, co-owner of the Defendant began working in the call center.

14.

Between June 2014 and August 2014 Mia Hubbard made regular and repeated derogatory comments about African American female applicants, trainees, and visitors to the call center.

15.

Her comments included negative statements about African American women's hair, abilities to do their jobs, lack of professionalism, her recommendations not to hire African American women, and her decision to terminate at least one African American woman because of race and ethnic attributes.

16.

Beginning on or about August 23, 2014 until her termination, Ms. Gillespie complained to members of Defendant's management and ownership about Mia Hubbard's racially motivated actions, the racially discriminatory comments, and the hostile work environment based on race.

17.

Specifically, Ms. Gillespie complained about the above to her direct manager, Craig Frederick, Defendant's Vice President, Kevin Macdowell, and to Defendant's owner Anurag Sett.

18.

On September 22, 2014, Defendant's owner Anurag Sett terminated Ms. Gillespie. He articulated no reason for her termination.

19.

Ms. Gillespie asked Vice President Macdowell for her separation notice and he stated that he did not know that she was being terminated, thus he did not have a

notice to provide to her. Ms. Gillespie further asked why she was being terminated and he responded that he did not know.

20.

Ms. Gillespie received Notice of Separation that stated that the reason for her separation was because "she was unable to perform job duties."

21.

Since at least June 2014, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by subjecting employees, including Ms. Gillespie, and applicants to discrimination based on race and terminating Ms. Gillespie for complaining about race discrimination.

22.

The effect of the practices complained of in paragraphs 6-22 above have been to deprive Ms. Gillespie of equal employment opportunities and, otherwise, to adversely affect her status as an employee because he engaged in protected activity.

23.

The unlawful employment practices complained of in paragraphs 6-22 above were intentional.

24.

The unlawful employment practices complained of in paragraphs 6-22 above were done with malice or with reckless indifference to the federally-protected rights of Ms. Gillespie.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands a trial by jury and for the following relief respectfully requests that this Court:

A.  Order Defendant Trident Asset Management, LLC to make whole Ms. Gillespie by providing her with appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including front pay, as appropriate.

E.  Order Defendant Trident Asset Management, LLC to make whole Ms. Gillespie by providing her with compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6-22 above, including job search expenses, in amounts to be determined at trial.

F.  Order Defendant Trident Asset Management, LLC to make whole Ms. Gillespie by providing her with compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 6-22 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.   Order Defendant Trident Asset Management, LLC to pay Ms. Gillespie punitive damages for their malicious and reckless conduct described in paragraphs 6-22 above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary, equitable and just under the circumstances.

I.   Award Plaintiff all costs in this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted, this 19th day of January, 2015.

Tiffany M. Simmons
Attorney for Plaintiff
Georgia Bar No: 112667

**SIMMONS LAW**
P.O. Box 191274
Atlanta, Georgia 31119
Office (888) 917-8387
Fax (888) 917-0007

8